70-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
Associated Bulk Carriers Ltd.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INDUSTRIAL CARRIERS INC.,

              08 CV 0575 (VM)

     Plaintiff,

## DECLARATION OF BENJAMIN HUNTER MOON

 - against -

ASSOCIATED BULK CARRIERS LTD.,

     Defendant.
-----------------------------------------------------------x

  **BENJMAIN HUNTER MOON**, affirms and states as follows:

  1. I am a solicitor with the UK based international shipping and finance firm Ince & Co. and we represent the defendant Associated Bulk Carriers in this matter.

  2. I submit this Declaration in support of Associated Bulk's application for an order directing the Plaintiff to post counter-security.

  3. I am a solicitor admitted to practice law in England & Wales. I read law and chemistry at Exeter University from 1991 – 1995 and I graduated with a BA Honours Degree in Law and a BSc. Honours degree in Law and Chemistry. I subsequently completed further year of study at law school (the College of Law) and a two year traineeship (with Ince & Co, for whom I have continued to work) both of which are mandatory pre-cursors to practicing law as a solicitor in England. I was admitted as a solicitor in September 1999 and have practiced

continually as a solicitor since then. My practice area is focused on shipping disputes, principally charterparty and cargo disputes as well as disputes arising from collisions, groundings and other maritime incidents. My practice also involves general contractual disputes, usually involving contractors (both on-shore an off-shore) to the Energy Industry.

4. This Declaration is based upon my personal knowledge of the matters and things described herein.

5. I am familiar with and have reviewed Associated Bulk's counter-claim against the Plaintiff Industrial Carriers as set forth in Exhibit 4, the Hire Statement.

6. The main point in contention which encompasses the majority of the claim relates to a wrongful deduction of hire by the Plaintiff based upon an allegation that the vessel was off hire subsequent to a period of grounding; the Defendant has already acknowledged that the actual period of grounding was off-hire but the Plaintiff contends, and the Defendant disputes, that a further period subsequent to re-floating and recommencement of the voyage (during which time the Vessel was legitimately exercising a lien in accordance with the Charterparty) was also off-hire.

7. In this respect, I can confirm that the Defendant Associated Bulk has a good and viable counter-claim for recovery of that hire wrongfully deducted because in the Charterparty the Plaintiff expressly agreed that the Defendant could exercise a lien in respect of sums due under the Charterparty (clause 18) and the Plaintiff also expressly agreed that expressly agreed that deposit (or security in lieu) in respect of General Average contributions would be provided prior to discharge of cargo (clause 58). Plaintiff's sub-charterers initially refused to provide, then delayed in providing, the customary security in lieu of a deposit in respect of contributions towards General Average arising out of the grounding. Since the deposit (or security in lieu) for

contribution to General Average is a sum due under the Charterparty, the Defendant legitimately exercised its lien on cargo until security for General Average contributions was provided. The Plaintiff alleged that the Vessel was off-hire but, for reasons stated above, the Plaintiff has contractually agreed that the Defendant can exercise a lien, the Defendant did so legitimately and the Vessel remained on-hire.

8. The disputed period of hire was from 30 December 2007 – 06 January 2008. The Defendant requested that the Plaintiff provide security voluntarily in respect of the dispute hire on several occasions but the Plaintiff did not do so. Subsequently, the Plaintiff filed its complaint seeking a Rule B attachment in respect of an alleged speed and consumption claim for a principal sum of US$9,530.79. As far as I am aware, the Plaintiff made no attempt to notify the Defendant of the Plaintiff's alleged speed and consumption claim prior to the Plaintiff filing its complaint nor did the Plaintiff make any attempt to request that the Defendant provide security voluntarily in respect of the Plaintiff's alleged speed and consumption claim.

9. In addition to recovery of the main claim, interest, although discretionary, is usually awarded to the successful party in English High Court proceedings. As a consequence, we have computed interest at the same rate and for the same duration computed by the Plaintiff in its Verified Complaint (i.e. 6% for three years) which is reasonable.

10. Finally, legal fees and Court costs are awarded to the successful party in English High Court proceedings. In a case of this size involving issues relating to the defense of the Plaintiff's alleged overpayment of hire claim arising from a dispute as to the Vessel's speed and consumption during the hire period, the Defendant's counter-claim for wrongful deductions from hire and the other ancillary issues in dispute between the parties, Court costs and legal fees of

$145,000 is, in my view, conservative, and it is upon this basis that we have sought counter-security for a total of $502,243.82

11. In summary, the Defendant Associated Bulk has a viable counter-claim and a likely basis for recovery of a total sum at or above $502,243.82.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at London, England
March 28, 2008

_____
Benjamin Hunter Moon