UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
INDUSTRIAL CARRIERS INC.,

                                                        08 CV 0575 (VM)

            Plaintiff,

  -against-

ASSOCIATED BULK CARRIERS LTD.,

           Defendant.
------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR COUNTER-SECURITY

                                                      FREEHILL HOGAN & MAHAR LLP
                                                      Attorneys for Defendant
                                                      Associated Bulk Carriers Ltd.
                                                      80 Pine Street
                                                      New York, NY 10005
                                                      (212) 425-1900
                                                      (212) 425-1901 fax

Of Counsel:
Peter J. Gutowski (PG 2200)

NYDOCS1/301439.1

## PRELIMINARY STATEMENT

This memorandum is submitted on behalf of Defendant Associated Bulk Carriers Ltd. ("Associated Bulk") in support of its motion for counter-security pursuant to Rules E(7)(a) and E(2)(b).

## BACKGROUND FACTS

The facts relevant to this motion are simple and not in dispute. Defendant Associated Bulk, as owner, chartered the M/V SOUTHGATE to the Plaintiff Industrial Carriers Inc. ("Industrial Carriers") under a November 23, 2007 charter party contract which provided for the use of the vessel for a period of up to 125 days. (*See* Ex. 1, copy of Plaintiff's Verified Complaint at ¶4 and Ex. 2, copy of Charter Party). During the performance of the contract disputes arose between the parties some of which are the subject of proceedings in the English High Court in London. (*See* Ex. 1, Verified Complaint at ¶8 confirming Charter Party contract provides for all disputes to be submitted to the High Court of Justice in England with English Law to apply.)

Earlier this year, Plaintiff Industrial Carriers filed the subject action primarily for the purpose of obtaining security for its claims, which totaled $$9,530.79. An order of attachment was issued pursuant to Rule B and an escrow was thereafter established which has resulted in Plaintiff obtaining *full security* for its claim, plus further security for a potential recovery of interest, costs, and arbitrators' fees. (*See* Ex. 3 to Gutowski Affidavit.)

For its part, Defendant Associated Bulk has a counterclaim against Industrial Carriers arising out of the same contract, which is asserted in the English High Court

proceedings. Indeed, Defendant Associated Bulk's claims are larger – the principal claim amounting to $302,749.45. (*See* Ex. 4, Final Hire Statement showing principal balance due of $302,749.45 from Plaintiff). Further, and as outlined in the accompanying Declaration from Defendant's English solicitor, Ben Moon, the counterclaim presents a viable and supportable claim for damages under English law for the amounts sought. In addition, interest, legal fees and costs are awarded to the prevailing party and these elements form a part of the recoverable claim for damages as well. (*See* accompanying Moon Declaration) Defendant Associated Bulk's application for counter-security totals $502,243.82, representing the principal claim of $302,749.00, plus interest of $54,494.82, and a Court costs and legal fee component of $145,000.

Prior to filing this motion, Defendant Associated Bulk sought Plaintiff's voluntary agreement to provide the requisite counter-security, which was refused, and which has necessitated the filing of this motion. Indeed, having sought and obtained full security for its claims, and having chosen to initiate this security proceeding in the first place, Plaintiff should not be permitted to now alter the landscape of what items properly fall within a legitimate request for security.

For the reasons set forth below, the Court should order Plaintiff Industrial Carriers to fully secure Defendant's counterclaims.

## POINT I

### RULE E REQUIRES INDUSTRIAL CARRIERS TO PROVIDE COUNTER-SECURITY FOR ASSOCIATED BULK'S COUNTERCLAIMS

Admiralty Rule E(7) provides:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

It is axiomatic that claims and counterclaims between vessel owners and Charterers arising out of a vessel charter are considered "arising out of the same transaction" for purposes of Supplemental Rule E(7). *Verton Navigation, Inc. v. Caribica Shipping Ltd.*, no. 90 Civ. 6940; 1991 U.S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991); *Transportes Caribe, S.A. v. M/V FEDER TRADER*, 860 F.2d 637 (5th Cir. 1988). The claims and counterclaims of the present dispute all arise from the charter party entered into between Industrial Carriers and Associated Bulk and thus Associated Bulk's application clearly provide a basis for counter-security under Rule E.

Admiralty Rule E contains two separate provisions for the posting of counter-security, one involving costs and the other relating to counterclaims. (*See* Admiralty Rule E(2) regarding costs and E(7) concerning counter-security for counterclaims.) Apart from the fact that each section deals with different forms of relief, the provisions themselves are also worded differently, with Rule E(2) directing that the Court "may" require the posting of counter-security with respect to costs, but E(7) specifying that the Court "must" direct the posting of counter-security in respect to counterclaims. The

different wording of the two provisions has been held to evince a stronger requirement that the Court compel the posting of counter-security for counterclaims. *See generally Result Shipping v. Ferruzzi Trading USA*, 56 F.3d 394, 399-401 (2d Cir. 1995).

Here, Plaintiff Industrial Carriers has obtained security from Associated Bulk in the full amount of its claims. Associated Bulk has asserted counterclaims which stem from their charter party relationship which claims will be determined in the English High Court proceedings. According to the plain wording of Admiralty Rule E(7)(a), therefore, Industrial Carriers should now be required to provide counter-security in favor of Associated Bulk in the full amount of Associated Bulk's counterclaim of $502,243.82.

It is well established that the goal of Admiralty Rule E(7)(a) is to place the parties on equal footing with regard to security. *See, Result Shipping v. Ferruzzi Trading USA*, 56 F.3d 394, 399-401 (2d Cir. 1995); *Titan Nav., Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987); *Dongbu Express Co., Ltd. v. Navios Corp.*, 944 F. Supp. 235 (S.D.N.Y. 1996).

> [T]he core purpose of the countersecurity rule is to place the parties on an even footing; if one party is deprived of the use of its property during the litigation but the adverse party is not, despite the pendency of reciprocal claims, the party with the security may have unfair leverage in the action.

*Finecom Shipping Ltd. v. Multi Trade Enters. AG*, 2005 WL 2838611, at *1-2 (S.D.N.Y. Oct. 24, 2005).

The fact that the Defendant's claim may be larger than that of the Plaintiff's original claim does not matter. Numerous decisions now confirm that in the exercise of the Court's discretion, the amount sought by the Defendant on the counter-claim can exceed the amount sought and obtained by the Plaintiff. *See, e.g., Pan Coast Trading S.A. v. Eurograni S.r.l.*, No. 07 Civ. 85, 81, 2008 WL 190376, at *1 (S.D.N.Y. Jan. 22,

2008) (refusing to limit counter-security to amount of security obtained by Plaintiff). *See also, Spriggs v. Hoffstot*, 240 F.2d 76 (4th Cir. 1957) (holding that counter-security need not be limited to the amount of security obtained on the plaintiff's claim), and *Verton Navigation Inc. v. Caribica (same)*.

While other courts have, on occasion, chosen to limit the amount of counter-security on a counterclaim, that generally only occurs in a situation where the Plaintiff itself has received only a percentage of the security it sought. In such a case, some courts have felt that in giving effect to the purpose of the Rule - equal footing - fair treatment of the defendant would require that it receive a similar percentage for its claims where the plaintiff was only partially secured. S*ee, generally, Clipper Shipping Lines, Ltd. v. Global Transporte Oceanico S.A.*, No. 06 Civ. 15299, 2007 WL 646329, at *2 (S.D.N.Y. 726 2007) (limiting counter-security to approximately 9% of the counter claim where the plaintiff had obtained only 9% from the defendant on its claim); *Finecom,* 205 WL 283 8611, at *2 (accord, defendant gets $30,000 on its counterclaim where this was the total amount which the plaintiff had obtained from the defendant). This makes good sense in that the Rule specifically provides that counter security should be given where the plaintiff has itself given security.

In the circumstances of this case, no such limitation should be ascribed to the counterclaim lodged by Associated Bulk, because it has already provided Plaintiff with 100% of the Plaintiff's claims. In fact, by all accounts, the Defendant Associated Bulk is the real claimant here, albeit Industrial Carriers chose (for reasons best known to itself) to beat Associated Bulk out of the block and obtain its attachment first. Fine. But this

should not in any way limit Associated Bulk's entitlement to full counter-security on its sizable and valid claims.

This is precisely the situation which was addressed by the authors in Moore's Federal Practice who discuss the rationale behind the granting of security on a counter-claim for the full amount of the claim so to discourage a race to the courthouse.

> A holding [precluding imposition of a larger bond on the counterclaim than that which was required of the original defendant]…would serve only to encourage sham suits and races to the courthouse. Suppose, by way of illustration that two vessels collide and one suffers only minor damage and the other sustains very severe damage. If the owner of the slightly damaged vessel commences an action *in rem* against the severely damaged vessel a relatively small bond will be required by the owner of the severely damaged vessel. If the owner of the latter vessel is compelled to assert his much larger claim in the same action, it might be grossly unfair to limit the security for his claim to the amount of the bond he had to provide, since had he first commenced his action he could have compelled the imposition of a bond large enough to compensate for the severe damages he alleges. In such a case, it might well be "just and reasonable" and more in keeping with the purposes of the rule providing for security on counterclaims to require that the original plaintiff post a larger bond to protect against the counterclaim than the original defendant had to post to protect against the original action. *If courts are not alert to such facts, it might encourage the filing of sham suits by parties who know they are potential targets for large in rem actions. Similarly, a flat rule providing that security on counterclaims cannot exceed the amount of the original defendant's bond would encourage races to the courthouse by the least injured of the parties sustaining damages in a maritime occurrence.*

7A Moore's Federal Practice §E.15 at E-737 (2d Ed. 1988) (emphasis supplied). The goal of E(7) counter-security is to place both sides on equal footing regarding security so that one party does not gain an unfair advantage over the other merely by being the first to file.

The Plaintiff Industrial Carriers opted to commence this action and seek full security for its claims which included an allowance for interest, costs and attorneys' fees. It now has 100% security for its claims. Having elected to initiate these security proceedings, it cannot now arbitrarily seek to reduce or limit the scope of the Defendant's counter-security. As such, an Order directing the Plaintiff Industrial Carriers to post full counter-security in the sum of $502,243.82 by either a cash deposit or a bond should be granted.

## CONCLUSION

For all the foregoing reasons, the Court should order Industrial Carriers to fully secure Associated Bulk's counterclaims in the amount of $502,243.82

Dated: New York, New York
       March 28, 2008

                              Respectfully submitted,

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Defendant
                              Associated Bulk Carriers Ltd.

By: _____
                              Peter J. Gutowski (PG 2200)
                              80 Pine Street
                              New York, NY  10005
                              (212) 425-1900
                              (212) 425-1901 fax